```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PEERLESS INSURANCE COMPANY,       :

          Plaintiff,              :

V.                                :   Case No. 3:11-CV-1597 (RNC)

JOSEPH CLEMENS III, et al.,       :

          Defendants.             :
```

                           RULING AND ORDER

Plaintiff Peerless Insurance Company brings this diversity case seeking a declaratory judgment that it has no obligation under a homeowner's policy to defend or indemnify defendants Joseph Clemens III, a minor, and his parents, Joseph Clemens, Jr. and Karen Clemens ("the insured defendants") in connection with a lawsuit pending against them in state court.  See Jane Doe PPA v. Joseph Clemens III, et al., Case No. HHDCV-11-5035534S (Conn. Super. J.D. Hartford) ("the Doe case").  In the Doe case, the minor plaintiff alleges that on a number of occasions when she was a guest in the defendants' home she was sexually assaulted and abused by Joseph Clemens III.  Peerless has moved for summary judgment relying on, among other things, an exclusion in the policy for claims "arising out of sexual molestation."  I agree that this exclusion applies to all the claims in the Doe case and

1

therefore grant the motion for summary judgment.[1]

I. Background

In 2008, Peerless issued the policy in question for the period December 20, 2008 to December 20, 2009. In "Section II- Personal Liability and Medical Payments to Others, Coverage E- Personal Liability," the policy provides:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, [Peerless] will:
> 1. Pay up to [Peerless's] limit of liability for the damages for which the "insured" is legally liable. . . . and
> 2. Provide a defense at [Peerless's] expense by counsel of [Peerless's] choice, even if the suit is groundless, false or fraudulent.[2]

The policy contains the following exclusions to the coverage provided by Section II:

> Coverage E- Personal Liability and Coverage F- Medical Payments to Others do not apply to "bodily injury"
> . . .
> a. Which is expected or intended by the insured;
> . . . [or]
> k. Arising out of sexual molestation, corporal punishment or physical or mental abuse.

The policy also contains an endorsement to Section II adding the

---

[1] This determination makes it unnecessary to consider Peerless's other arguments.

[2] The policy defines "bodily injury" as "Personal Injury . . . [b]odily harm, sickness or disease, including required care, loss of service and death that results." "Occurrence" is defined as "an offense or accident, including continuous or repeated exposure to substantially the same general harmful condition, which results during the policy period in . . . 'bodily injury.'"

2

following language:

> Coverage E- Personal Liability, does not apply to:
>    g. "personal injury":
>    (1) Caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of an "insured."

The operative complaint in the Doe case contains six counts. Each count alleges that on various dates between July and November 2009, the minor plaintiff was sexually assaulted and abused by Joseph Clemens III while in the care of defendants Joseph and Karen Clemens as a guest at their home. The first four counts are directed against Joseph Clemens III and refer to the following torts: negligent assault and battery, reckless assault and battery, general negligence, and negligent infliction of emotional distress. The remaining two counts allege that the minor plaintiff's injuries were caused by various negligent acts and omissions on the part of Joseph Clemens, Jr. and Karen Clemens, including negligent failure to properly supervise their son and the minor plaintiff.

II. Summary Judgment

Summary judgment may be granted when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). Whether Peerless has a duty to defend and indemnify the defendants in the Doe case "is purely a question of law, which is

to be determined by comparing the allegations of [Doe's] complaint with the terms of the insurance policy." Community Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 395 (2000) ("Community Action"). Accordingly, the issue is appropriately resolved on a motion for summary judgment. See Middlesex Ins. Co. v. Mara, 699 F. Supp. 2d 439, 444 (D. Conn. 2010); Electric Insurance v. Castrovinci, No. 3:02cv1706, 2003 WL 23109149, at *3 (D. Conn. Dec. 10, 2003).

III. Discussion

    Peerless's duty to defend is determined by the facts alleged in Doe's complaint, not the names of the torts referred to in the various counts of her complaint. Middlesex Mut. Assur. Co. v. Favreau, CV02396760S, 2003 WL 22234621, at *7 (Conn. Super. Ct. Sept. 17, 2003).  "If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured.  On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required to defend." Community Action, 254 Conn. at 398-99 (citations and internal quotation marks omitted).  In deciding whether the factual allegations of Doe's complaint fall within the scope of the coverage, the determinative question is the intent of the parties as disclosed by the provisions of the policy. Id. at 399.  The terms of the policy must be given their natural and ordinary meaning. Id.  Any ambiguity is construed in

favor of the insureds taking into account the perspective of a reasonable layperson in the position of a purchaser of the policy.  Id. at 399-400.  But there must be an ambiguity that allows for a construction in their favor.  Hansen v. Ohio Casualty Ins. Co., 239 Conn. 537, 543-43 (1996).

Peerless contends that the policy language excluding coverage for claims for damages "arising out of sexual molestation" is unambiguous and applies to the facts alleged in the Doe case.  The defendants respond that the policy is ambiguous and should be construed against Peerless.  They also contend that relevant facts have yet to be determined.  Peerless's position has strong support in Connecticut case law.

In Community Action, the Connecticut Supreme Court addressed a coverage issue very much like the one here.  The issue there was whether an insurer had a duty to defend the operator of a preschool in a negligence action brought on behalf of a child who had been sexually abused by other children while attending a preschool program.  See Community Action, 254 Conn. at 389.  Like the policy in this case, the preschool operator's policy excluded coverage for bodily injury "arising out of . . . abuse or molestation . . . ."  Id. at 400.  The insured argued that the terms "abuse" and "molestation" were ambiguous and the allegations of the underlying complaint did not necessarily fall within the scope of these terms.  Id.  Rejecting both arguments,

5

Case 3:11-cv-01597-RNC   Document 34   Filed 01/22/13   Page 6 of 7

the Court ruled that the policy exclusion for "abuse" and "molestation" was clear and unambiguous as applied to unwanted sexual contact. <u>Id.</u> at 401.  In light of the decision in <u>Community Action</u>, it must be concluded that the policy exclusion for sexual molestation in this case is unambiguous and applies to the sexual assaults and abuse alleged by Doe.

In the present case, the insureds make an additional argument that was not addressed in <u>Community Action</u>: they contend that the phrase "arising out of" is ambiguous.  Here again, however, Connecticut law is to the contrary.  As Judge Eginton observed in an analogous case:

> Several Connecticut courts have had occasion to interpret the phrase "arise out of" and "arising out of" in the context of insurance policies.  The Connecticut Supreme Court instructs that liability for accident or an injury arises out of an occurrence or offense where the accident or injury "was connected with," "had its origins in," "grew out of," "flowed from," or "was incident to" the occurrence or offense. <u>OSP, Inc. v. Aetna Casualty & Surety Co.</u>, 256 Conn. 343, 374 (2001).  <u>OSP, Inc.</u> elaborated that the phrase "arising out of" is usually interpreted as indicating a causal connection.  An exclusionary clause that uses the phrase, "arising out of" precludes coverage for an entire class of risks arising out of specified conduct, and does not turn on the intent of the insured. <u>Covenant Insurance Company v. Sloat</u>, 2003 WL 21299384 (Conn. Super. 2003).

<u>Electric Insurance</u>, 2003 WL 23109149 at *3.

Given the established meaning of the phrase "arising out of" in the insurance context, causes of action sounding in negligence and recklessness fall within a sexual molestation policy

6

exclusion if they "have a clear causal connection to the alleged molestation and the injuries arising therefrom." Id. In this case, there is such a connection between each claim in the Doe complaint and the alleged sexual assaults and abuse. Each count incorporates by reference the allegation that "Jane Doe was sexually assaulted and abused by Joseph Clemens III at the Clemens home." In addition, each count recites that Jane Doe's injuries were caused by Joseph Clemens III's "assault and battery" or "sexual assaults and abuse."

IV. Conclusion

Peerless's motion for summary judgment (Doc. 21) is hereby granted. The Clerk will enter a declaratory judgment stating that Peerless has no duty under the homeowner's policy to defend or indemnify the insured defendants with regard to any of the claims in the Doe case.

So ordered this 22nd day of January 2013.

/s/RNC
Robert N. Chatigny
United Stated District Judge